*E-FILED 05-16-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES LLC,<br><br>　　　　Plaintiff,<br>　v.<br><br>MARK A. OLIVER, AMANDA OLIVER, AND DOES 1-5,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C11-02370 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

　　　　On May 13, 2011, pro se defendants Mark and Amanda Oliver removed this case from Monterey County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

　　　　Plaintiff Aurora Loan Services LLC ("Aurora") filed this unlawful detainer action on February 17, 2011 in Monterey County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in January 2011. (Complaint, ¶¶ 4-5). The complaint further alleges that on February 2, 2011, plaintiff served defendants with a notice to vacate, but defendants refused to deliver possession of the property. (Id. ¶¶ 6-8).

　　　　Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto

that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants assert that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id.

Defendants assert that Aurora's unlawful detainer complaint violates federal law. (Notice of Removal, ¶¶ 8-10). However, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. Accordingly, defendants have failed to show that removal is proper on account of any federal substantive law. Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[1] See 28 U.S.C. § 1332(a).

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court Judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case to Monterey County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any

---

[1] Defendants do not establish diversity of citizenship in their removal notice, and a review of the complaint shows that it specifies that the amount of claimed damages does not exceed $10,000.00. (Complaint at 1). In any event, as local defendants, it would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

2

party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: May 16, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-02370-HRL Notice mailed to:

Noah M. Bean
TFLG A Law Corporation
2121 2nd Street, Suite C-105
Davis, CA 95618

Eric G. Fernandez
TFLG A Law Corporation
2121 2nd Street, Suite C-105
Davis, CA 95618

Laurie Howell
TFLG A Law Corporation
2121 2nd Street, Suite C-105
Davis, CA 95618

       Plaintiff's Counsel

Mark A. Oliver
30315 Chualar Canyon Road
Chualar, CA 93925

Amanda J. Oliver
30315 Chualar Canyon Road
Chualar, CA 93925

       Pro Se Defendants